IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 MAY 29 PM 12: 25
U.S. DISTRICT COURT
N.D. OF ALABAMA

BEVERLY BRABHAM
    Petitioner

VS.

CV-03-S-1290-S

Judge Roy Landrum
Adamsville, Al. Municipal Court

## MOTION TO HEAR CASE OF WRONG DOING BY ADAMSVILLE, AL. JUDGE, DA, and POLICE DEPARTMENT
### ( 42 USCS 1983 claim)

Comes now, Beverly Brabham, with a complaint and request for action by this Honorable Court.

The Petitioner signed a plea agreement, based on implied consent, and it has already been breached by the judge. This complaint concerns a hearing on April 29, 2003 in Adamsville Municipal Court before Judge Roy Landrum.

During previous proceedings on the same case in Adamsville, Al., the Petitioner finally filed a Federal complaint, due to the numerous refusals by the Judge to appoint Counsel for her. At the time of these refusals, he also made threats of jail, even though none of the facts of the frivolous arrest and case had ever been addressed.

The previously filed case in this Honorable Court is Case is 03-cv-00064 in the US Northern District of Alabama. It was dismissed without prejudice, after the presence of the Federal Attorney prompted the Judge in Adamsville, Al. to appoint Counsel for the Petitioner.

In this instant motion for relief, the Petitioner alleges the following complaints:

1. Breach of contract by Judge Roy Landrum on 5-13-03, the day after the Plaintiff fulfilled her end of the bargain agreement by paying the ordered full amount of fine. Enclosed Exhibit B explains the breach of the contract agreement.

2. The DA, Milton Barker, was wrong by implying one offer of a reduced charge to obtain a plea agreement, yet deceitfully writing up a new, different bogus charge with Officer Bentley. The Petitioner was not informed that she was really pleading guilty to a new, more recently dated 2003 bogus charge of PI that was written up in the back room by Officer Bentley and DA Barker while she sat in the court room on April 29, 2003.

1

3. It was implied that the Petitioner was pleading guilty to a reduced charge of DUI to Public Intoxication while she was at home in her bathroom.

    (the DUI case number is TR 02-1352, and the concocted, bogus PI case number is MC 03-0291)

4. The Petitioner wishes to withdraw her plea of guilty to a 2003 bogus case of Public Intoxication. In June of 2003, the Petitioner will have established one year of sobriety through random urines and other means of documentation. When she goes to the Nursing Board to petition for her Nursing License to be reinstated, a 2003 arrest for Public Intoxication on record would be devastating. It never occurred, but again, the record is very damaging and could destroy her carreer in the future. It is defamation of character. The Petitioner has established documentation that she has not had a drink of alcohol since June 2002.

(In other words, Beverly Brabham was offered a plea agreement to reduce the DUI out of her home to a lessor charge of PI while in the bathroom of her home.) Even though the Petitioner thought that the arrest by Henderson was frivolous and absurd and should have been dismissed, she went on and agreed to plead guilty to the lessor charge of Plublic Intoxication on the 4-16-02 charge, while in the privacy of her domain when approached by Officer Henderson. She believes that any reasonable Judge would have looked at the facts of the case, and that it would have immediately been dismissed.

She saw that the whole thing had become a personal issue with the Judge. He was mad because she had filed in Federal Court in the first place, and he refuses to allow any person to walk out of that court without getting money from them. The general attitude of his is: Everybody is guilty and nobody gets a lawyer.

An arrest is not a conviction, as the following will remove all doubt about that.

At this point, the Petitioner now has two arrests by Officer Bentley on record, yet he has never arrested her for anything. The Petitioner has been refused a copy of the new 2003 fabricated case of PI.

This is very dangerous, and is a real indication of how innocent people are wrecklessly harmed. Since the Petitioner has been denied a copy of the bogus case, she is not aware of exactly where the Officer "placed" her in public to compose an arrest on paper of her for public intoxication.

In essence, Officer Bentley literally placed the Petitioner at the "scene of a crime" while she sat in the court room, waiting to plead to a lessor charge for the arrest that occurred on 4-16-02. This could be done with any charge, and the Judge, Roy Landrum, of course would find that person guilty. That is a nightmare to think about, because the poor fram-ee is sure to lose, as the court is always presumed to be right. In this case it is a heinous criminal obstruction of justice to the Petitioner.

## CASE PROCEEDINGS

The Petitioner was represented by Attorney Fred Pickard. He did the negotiating between the Judge, DA, and Officer Bentley. The Petitioner's accuser, Officer Henderson, did not show up for the hearing, which was an error of the court's right there.

Before the signing of the Plea Agreement, the Petitioner repeatedly asked Atty. Pickard about the reduced charge being the same case of 4-16-02, and that it was a reduced charge on that same case, date, and time. He said, yes, that it was.

I asked about the fine amount remaining what was ordered on that date, 4-29-03, and he said that it could not be altered after the plea agreement is signed by both parties. He assured me that it was binding to both parties and that it could not be changed or altered by either.

The Petitoner continuously made the point about money with him because of what had occurred with a friend of hers, Donald Mooneyham, who was fined $108.00. He also filed a complaint with Federal Court, because the Judge doubled his fine because he lacked legal advice on properly filing an appeal. When Mooneyham tried to ask the Judge how to file the appeal, the judge just said, "be back in here in 2 weeks". Mooneyham mailed his appeal paper to Birmingham City Court, and reappeared in Adamsville Court in 2 weeks for his appeal, as order by Judge Landrum.

Judge Landrum told Mooneyham it was too late for the appeal and said, now the fine doubles to $216.00. How wrong of the court to be able to do that. Scratch out marks were made on the Mooneyham file, but the Clerk, Jan, is real good about cleaning up behind mistakes. She finageled the figures around to add up to $216.00 when Mooneyham requested a copy of the original charge of $108.00. It is now a clean, appearingly untampered with piece of paper. This seems to be a common practice of the Municipal Court of Adamsville. Original documents mean nothing. They just fix up another piece of paper to fit the circumstances, even writing a bogus charge to fit a case. How damaging, under the color of law, because their victim stands no chance for defense.

That is why the Petitioner reiterated the fact to Attorney Pickard, that a change in amount could occur as it had with Mooneyham. Atty. Pickard stated that it is illegal for the judge to make any changes now, and if he does, call me. I called him and he said, you mean you didn't just go on and pay the increased amount? I said absolutely not. It is not the amount of the money, it is a blatant breach of a signed binding contract.

Only the Petitioner and Attorney Fred Pickard went before the Judge. DA Barker remained in the back room.

The Judge asked Pickard if he was ready. Pickard and the Petitioner

approached. Pickard said, judge we have worked it out. The judge's only statement to him was, does she have any money. That's when Pickard said the Petitioner would pay the amount in 2 weeks, on or before 5-12-03.

The judge then said, as the Petitioner and Atty. Pickard watched him write, that the fine will be $50.00 fine and $82.50 court cost. $50.00 had been written on the plea sheet, I guess by DA Barker, but the Judge himself said and wrote $82.50 as court cost. The judge then asked Pickard if he had turned in his paper work to get paid. He said yes, your honor, and we walked off. Absolutely nothing else was said, and the judge made it obvious that he was ignoring the Petitioner.

As the Petitioner was rejoicing about it being over, she asked Pickard again, is this it and over? He said there is nothing that can change now, about it being a binding agreement etc. The Petitioner's friend told of his fine being doubled two weeks after the disposition of his case, and that is why Pickard himself knows that the Petitioner was really focusing on that distinct possibility.

Not a word was mentioned about the Petitioner's 5th amendment rights being given up by plea bargaining, possible punishments, just nothing was said to her by the Judge. It was very obvious that he was purposefully ignoring the Petitioner. He was obviously angry, personally.

The enclosed plea agreement (Enclosed Exhibit A) was signed and the Petitioner was ordered to pay fine amount of $50.00 and court costs of $82.50, totaling $132.50.

She went to pay the amount on May 12, 2003.
It was then that she was told by the clerk that the fine amount had increased. (The amount could be $1 or $1 million, it is what this represents that is so corrupt, a contract agreement was broken by the judge.)

The Petitioner said, no mam, I am going to pay what was ordered and bound by the plea agreement.

When the clerk took the money, she said, oh, I need to enter the new case number. The Petitoner asked what new case number. The Clerk said:

"It is illegal to reduce a DUI to PI, so what they did was to dismiss the DUI, case # TR 02-1352, and just had Officer Bentley to write up a new case for PI, Case # MC 03-0291."

The Clerk said, well the judge made a mistake and the amount is going to be

higher, you'll just have to go to court tomorrow and talk with him. The Petitioner said no ma'am, I have completely lived up to my end of the plea bargain agreement, made between my Attorney and the DA and the Judge.

A few days later, the Petitioner went to get a copy of the Plea agreement. She was not given one on the day of court, but was told she would have to pick it up at a later date..

It was at that time that the Petitioner was also given a copy of the case action summary (Enclosed Exhibit B).

The Judge had reneged on the plea bargain agreement, and had set aside the judgement.

This outrage of wrong doing has gone from bad to worse since the Petitioner first filed in this Honorable Court concerning the refusal of the appointment of Counsel, yet being threatened with jail.

The Petitioner prays that this Honorable Court would take necessary action to resolve these damages.

The Petitioner would like for the Court to:

1. See that the 2003 bogus arrest and charge are expunged from her record.

2. That her name and record be cleared of the fraudulently imposed bogus charge for 2003. (However the Court Clerk stated that she would just have to go back into the computer and "fix" that. She said that as if it was no big deal, a common practice to "fix" things to fit the corruption.)

3. That she be refunded her money paid to the Adamsville Court for the bogus, unsubstantiated charge.

4. To award the Petitoner punitive and compensatory as well as declaratory and injunctive relief.

5. The Court waited for over a year to bring the case to trial, a violation of the Petitioner's 5th Amendment
    rights. The newly concocted bogus case of Public Intoxication was imposed over a years after the original frivolous arrest.

6. The Judge introduced much bias into the case from the beginning through rude degrading comments, refusal to appoint counsel so that he could find the Petitioner guilty (regardless of the facts), and was personally determined to cause harm to the Petitioner, especially since she involved Federal Court. This was apparent throughout.

Malicious Prosecution by D. A. Milton Barker

<u>Code of Alabama Section 15-18-60</u>

{When an indictment is for a misdemeanor and the court is of opinion that the prosecution is frivolous or malicious, the prosecutor is liable for the costs.}

There was never an indictment, the Judge ignored the Petitioner's Motion for a Preliminary hearing to determine whether there was even any evidence to warrant a hearing.

7. The "broad exclusionary statement" at the bottom of Exhibit A is illegal. (What arrest is it addressing? The Petitioner has never been arrested by Officer Bentley, yet there are two arrests on record.)

8. The Petitioner sat in that court room for over 40 hours total, and 12 court appearances over the frivolous charge, where there was not even enough evidence to warrant holding a hearing for. The Petitioner would like compensation for that stolen time, and for denial of a speedy hearing, as this misdemeanor charge was not taken to trial for over a year after the charge and arrest by Officer Henderson. It has cause much mental anguish and undue duress in being ordered to court every two weeks, demeaned by the judge before the whole court room, and treated with utmost personal hatred and disrespect. For over a year, the Petitioner experienced a sense of hopelessness and dread. She was aware that she was being deprived of her Constitutional Rights, but no one in the Municipal Court of Adamsville seemed to care. DA Barker is just as corrupt as the Judge. During one of the appearances, DA Barker asked, "What, you're not going to get a lawyer? Are you just going to go to jail without one? That was after I stated that I was unable to afford one, and the judge and DA had ignored my hardship affidavit filed in that court. The attitude is one of total apathy. It was like a nightmare, being on a run-away roll-a-coaster, where that whole ordeal is concerned.

9. To request copies of both of the arrests by Officer Bentley, yet Officer Bentley has never once arrested the Petitioner.

10. To award any and all other damages that this Honorable Court deems appropriate.

The Petitioner prays that this motion and relief will be granted. It is the serious nature of the corruption that it represents, and the violation of Constitutionally guaranteed Rights, more than the amount of money in question. A contract has been breached by a judge. One may overlook a small amount, but would one over look a million dollars? The amount is not the issue, it is what it represents, a breach of contract, in writing, by a Judge in a Court of Law.

Respectfully Submitted,

*Beverly Brabham*
Beverly Brabham

## PLEA AGREEMENT SHEET

Defendant's Name __BEVERLY BRABHAM JACKSON__

Defendant's Attorney __FRED PICKARD__

| | Case # | Case # | Case # | Case# |
|---|---|---|---|---|
| | TR02-1352 MC 03 | | | |
| Charge | DUI | P.I. | | |
| Amended Charge | | | | |
| Sentence | | | | |
| Fine / Restitution | NONE | $50.00 + | | |
| Concurrent Cases | PA0550 | CUST | | |
| Other Terms | | | | |

△ AND COUNSEL CONSENT TO COMPLAINT BEING ISSUED FOR PUBLIC INTOXICATION AND WAIVE ALL PROCEDURAL IRREGULARITIES INVOLVING JURISDICTION, SERVICE, AND APPEARANCE OF COMPLAINING WITNESSES.

△ Releases City of Adamsville + all officers involved in the arrest from any + all liability.

__BEVERLY Brabham (Jackson)__
DEFENDANT'S SIGNATURE

__Fred Pickard__
ATTORNEY'S SIGNATURE

4/29/03
DATE

_[signature]_
PROSECUTOR'S SIGNATURE

PETITIONER'S EXHIBIT

**State of Alabama**
**Unified Judicial System**

## CASE ACTION SUMMARY

Case Number: MC03-00291

| Defendant (Name): Beverly Jackson | Sex | Race | DOB | Court Date |
|---|---|---|---|---|

Address:

Charge: Public Intoxication     Fine:

Phone No.

| Arrest Date | Arresting Officer |
|---|---|

| Employer | Date Committed to Jail | Date Released from Jail |
|---|---|---|

Phone No.:

| Complainant | Amount of Bond | Attorney for Defendant |
|---|---|---|

| Height | Weight | Hair | Eyes | Sureties |
|---|---|---|---|---|

**BENCH NOTES:**

5/13/03   5/13/03 Judgmnt of 4/27/03 set aside ex mero motuu. Court cost indigency assessed. Judg. Noy Gardner

5/13/03 Judgmnt entered for $50 fine and court cost of $116. Judge Noy Gardner

On 4/27/03 (date) the defendant appears in open court in person and pleads (guilty) (not guilty). After hearing the evidence it is the judgment of the court that defendant is _____ guilty and is fined $ 50 together with $ 8.50 cost and $ _____ restitution to the victim and sentenced to _____ days in (city) (county) jail. Defendant to Pay $ _____ per day for housing and maintenance plus actual medical expenses incurred during the period of incarceration. Defendant is given _____ days credit for time already served in jail on this charge.

Additional orders _____

_Noy Gardner_
Judge-Municipal Court

## FEE SHEET

### SUMMARY

| | |
|---|---|
| Fine | $ |
| Costs (Local) | |
| Fair Trial Tax | |
| Peace Officers' Annuity Fund | |
| Crime Victims Comp. Fund | |
| Other | |
| Bond Forfeiture | |
| TOTAL | $ |

### CASH PAYMENT

| Date | Receipt Number | Amount |
|---|---|---|
| | | $ |

### TIME SERVED

_____ days served at $ _____ per day.

### APPEAL RECORD

Circuit Court Case Number:
Date of Appeal:
Amount of Bond:
Bondsmen:
Orders of the Circuit Court:

PETITIONER'S EXHIBIT