UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
04 FEB -4 AM 11: 02
U.S. DISTRICT COURT
N.D. OF ALABAMA

BEVERLY ANNE BRABHAM, )
)
    Plaintiff, )
)
vs. ) Civil Action No. CV-03-S-1290-S
)
HONORABLE ROY G. LANDRUM, )
et al., )
)
    Defendants. )

ENTERED
FEB 0 4 2004
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

## MEMORANDUM OPINION

This action is before the court on the following motions: (1) defendants' motion to dismiss or, alternatively, to strike plaintiff's first amended complaint;[1] (2) plaintiff's motion to compel discovery;[2] (3) plaintiff's motion for leave to file a second amended complaint;[3] (4) plaintiff's motion for a jury hearing;[4] and (5) plaintiff's motion for an extension of time to obtain expert testimony.[5] Because the court concludes that it does not have jurisdiction to hear this case, the pending motions will not be addressed.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff was arrested in Adamsville, Alabama, on April 16, 2003, for driving under the influence of alcohol.[6] Subsequent to her arrest, plaintiff entered into a plea agreement

---

    [1]Doc. no. 28.
    [2]Doc. no. 31.
    [3]Doc. no. 38.
    [4]Doc. no. 43.
    [5]Doc. no. 44.
    [6]Doc. no. 18 (motion for leave to file amended complaint), at ¶ 10. It is difficult to ascertain, from



with the city.[7]  Pursuant to that agreement, plaintiff was required to plead guilty to public intoxication, a lesser charge than driving under the influence, and to pay a fine.[8]  Plaintiff paid $132.50 to the Adamsville Municipal Court, which she believed to be the entire amount required under the plea agreement.[9]  Thereafter, she expected all charges against her to be dismissed.[10]  However, the City of Adamsville refused to dismiss the charges against plaintiff, because the municipal court records reflected that plaintiff still owed a balance of $33.50.[11]  The balance in plaintiff's account remains outstanding, and plaintiff has been required to make numerous additional appearances in the Adamsville Municipal Court.[12]

---

the face of plaintiff's amended complaint, which facts plaintiff relies on to support her claims. *See* doc. no. 27 (First Amended Complaint). As discussed in § II(A), *infra*, plaintiff's amended complaint completely supersedes her original complaint. Thus, the court cannot consider the allegations in plaintiff's original complaint in ascertaining the relevant facts. However, the court can, and will, rely partially on plaintiff's motion for leave to amend her complaint.

[7] Neither party has produced a copy of the agreement. However, plaintiff does state that such an agreement was entered into. *See* amended complaint, at ¶ 3.

[8] *See* motion for leave to amend complaint, at Exhibit F (municipal court complaint against plaintiff);

[9] *See id.* at ¶¶ 1, 28; *see also id.* at Exhibit H.

[10] *See id.* at ¶¶ 1, 28.

[11] *See id.* at Exhibit H. Defendants describe the discrepancy in the amount of plaintiff's fine as follows:

> When Judge Landrum entered the amount of the fine under the plea agreement, he entered the incorrect amount, undercharging Ms. Brabham by $32.50. After Ms. Brabham paid the fine listed on the court's order, Judge Landrum realized that he had miscalculated the amount of the fine and entered an order changing the fine to the correct amount, which added $32.50 to the fine.

Doc. no. 32 (Defendants' "Response to Plaintiff's 28 U.S.C. Section 2254 Habeas Corpus Claim"), at ¶¶ 3-4. Plaintiff filed a document entitled "28 U.S.C. 2254 Case" (doc. no. 30), in which she asked for habeas corpus relief. As defendants point out, plaintiff cannot pursue a habeas corpus claim because she is not in police custody. However, defendant's response to that document is useful in clearing up the factual basis of plaintiff's other claims.

[12] Amended complaint, at ¶ 1.

Plaintiff is not currently in police custody.

Plaintiff, who is proceeding *pro se* and *in forma pauperis*,[13] filed an amended complaint on October 15, 2003. In her amended complaint, plaintiff names as defendants Roy Landrum, the Adamsville municipal court judge; Milton Barker, the Adamsville city prosecutor; Keith Henderson, the Adamsville police officer who arrested plaintiff; John Bentley, another Adamsville police officer involved in the prosecution of plaintiff's case; and the City of Adamsville.[14] Plaintiff asserts claims against all defendants for violation of her due process rights under the Fifth and Fourteenth Amendments to the Constitution of the United States.[15] She also asserts a claim for violation of the Sixth Amendment against defendant Landrum, and a claim for violation of the Fourth Amendment against defendant Henderson.[16] Plaintiff's amended complaint also appears to state a state law claim for civil assault against defendant Henderson.[17] Plaintiff seeks compensatory and punitive damages on all of her claims; her amended complaint does not ask for injunctive relief.[18]

## II. DISCUSSION

Defendants argue that plaintiff's amended complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6), or alternatively, that the amended complaint should be stricken for failure to comply with Federal Rule of Civil Procedure 8(a). Defendants offer

---

[13] *See* doc. no. 5.
[14] *See generally* amended complaint.
[15] *See id.*
[16] *Id.* at ¶¶ 2, 5.
[17] *See id.* at ¶ 5.
[18] *See generally id.*

numerous theories to support their motion to dismiss. However, the court concludes that plaintiff's claims should be dismissed for another reason altogether.

**A.     Amended Complaint Supersedes Original Complaint**

As an initial matter, the court notes that, in evaluating plaintiff's claims, the relevant document is plaintiff's *amended* complaint, not her original complaint. It is well-established that when an amended complaint is filed, it completely supersedes the original complaint, unless the amendment "specifically refers to or adopts the earlier pleading." *Varnes v. Local 91, Glass Bottle Blowers Association,* 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (citing *Wilson v. First Houston Investment Corp.,* 566 F.2d 1235, 1238 (5th Cir. 1978)). "Once amended, the original [complaint] no longer performs any function as a pleading and cannot be utilized to aid a defective amendment." *Bullen v. DeBretteville,* 239 F.2d 824, 833 (9th Cir. 1956).

Plaintiff's amended complaint did not specifically refer to or adopt her original complaint. In fact, plaintiff was specifically ordered to file an amended complaint which *did not incorporate* any of her prior pleadings.[19] Thus, the court will consider only plaintiff's amended complaint in its analysis. Plaintiff's original complaint no longer serves any function in this case. *See National Rural Electric Cooperative Association v. Breen Capital Services Corp.,* No. CIV.00-722(WGB), 2001 WL 294086, at *4 (D.N.J. March 28, 2001) ("the Amended Complaint becomes the superseding document and renders the original

---

[19]Doc. no. 24.

complaint legally inoperative").

### B. Plaintiff's Constitutional Claims Are Barred By The *Rooker-Feldman* Doctrine

Although no defendant has raised the issue, the court concludes that all of plaintiff's constitutional claims are barred by the so-called "*Rooker-Feldman* doctrine,"[20] which "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." *Goodman ex rel Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001).[21] These limits are appropriate because "federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Siegal v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc). Specifically, the *Rooker-Feldman* doctrine deprives federal district courts and circuit courts of appeal of subject matter jurisdiction over claims that are inextricably intertwined with a previous state court judgment when the federal plaintiff had a reasonable opportunity to raise

---

[20]*See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S. Ct. 1303-1311-15, 75 L. Ed. 2d 206 (1983).

[21]An "Article III court must be sure of its own jurisdiction before getting to the merits" of any action. *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 831, 119 S. Ct. 2295, 2307, 144 L. Ed. 2d 715 (1999) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 88-89, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)); *see also, e.g., Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (stating that "a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises"); *Galindo-Del Valle v. Attorney General*, 213 F.3d 594, 598 n.2 (11th Cir. 2000) (observing that federal courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."), *cert. denied*, 533 U.S. 949, 121 S. Ct. 2590, 150 L. Ed. 2d 749 (2001); *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir.1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."); *Kutner v. Kutner*, 656 F.2d 1107, 1110 (5th Cir. 1981) ("[I]t is the duty of the court to determine on its own motion whether it has jurisdiction of any case before it."); *Employers Mutual Casualty Co. v. Evans*, 76 F. Supp. 2d 1257, 1259 (N.D. Ala. 1999) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

the federal claims in the state court proceedings. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476-82, 103 S. Ct. 1303, 1311-15, 75 L Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923); *Sipos,* 259 F.3d at 1327; *Siegal,* 234 F.3d at 1172; *Dale v. Moore,* 121 F.3d 624, 626 (11th Cir. 1997); *Powell v. Powell,* 80 F.3d 464, 467 (11th Cir. 1996).

"A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Siegel,* 234 F.3d at 1172. A party's *ability* to raise a claim on appeal of the state court judgment constitutes a reasonable opportunity to raise her claim in the state court proceedings, even if the party fails to actually so raise the claim. *See Blue Cross and Blue Shield of Maryland, Inc. v. Weiner,* 868 F.2d 1550, 1555 (11th Cir. 1989); *Wood v. Orange County,* 715 F.2d 1543, 1547 (11th Cir. 1983). Moreover, a plaintiff should not be allowed to avoid the *Rooker-Feldman* doctrine simply by casting her claims as ones for constitutional violations under § 1983. *See, e.g., Rolleston v. Eldridge,* 848 F.2d 163, 165 (11th Cir. 1988) ("A section 1983 action is neither an alternative nor a complement to the appeal of a state trial court decision to a higher state court.").

### 1. Plaintiff's constitutional claims are inextricably intertwined with the municipal court judgment entered against her

In this case, judgment has been entered against plaintiff in the Adamsville municipal court on a criminal charge for public intoxication.[22] Plaintiff can succeed on the

---

[22] The *Rooker-Feldman* doctrine is fully applicable to a judgment entered by a state *trial* court. As

constitutional claims asserted in *this* action only to the extent the Adamsville Municipal Court wrongly decided the issues before it in plaintiff's criminal case. Her constitutional claims all challenge the circumstances surrounding her arrest, the criminal proceedings against her, and the plea agreement she entered into with the city. Plaintiff argues that defendant Landrum violated her due process rights by subjecting her to double jeopardy and by acting with bias throughout the proceedings against her. Landrum also allegedly violated her Sixth Amendment right to counsel by not appointing an attorney to represent her in the municipal court proceedings. Plaintiff asserts that defendant Barker violated her due process rights by falsely swearing to her public intoxication charge under oath. Defendant Bentley allegedly violated her due process rights by conspiring with Barker to produce an *ex post facto* arrest report. Defendant Henderson allegedly violated her Fourth Amendment right to be free from unreasonable searches and seizures by arresting her without probable cause.[23] Finally, plaintiff asserts that the City of Adamsville violated her due process rights by being aware of the other defendants' constitutional violations, but failing to adequately remedy the situation.

The essence of all of the above constitutional claims is that plaintiff should not have been arrested, that she should not have been treated unfairly in the municipal court proceedings, and that the charges against her should not have been altered as they were in

---

the Eleventh Circuit has stated, "the doctrine is not limited to states' appellate court judgments. A litigant may not escape application of the doctrine by merely electing not to appeal an adverse state trial court judgment." *Powell v. Powell,* 80 F.3d 464, 466-67 (11th Cir. 1996).

[23]Plaintiff's state law assault claim against Henderson will be discussed in II(C), *infra*.

her plea agreement. The municipal court judgment against plaintiff could be overturned if she was denied due process or the right to adequate counsel, if she was subjected to judicial bias,[24] or if she was arrested without probable cause.[25] Thus, plaintiff's claims are inextricably intertwined with the municipal court judgment entered against her.

### 2. Plaintiff had a reasonable opportunity to raise her constitutional claims on appeal in state court

The court also concludes that plaintiff had a reasonable opportunity to raise her constitutional claims on appeal of her state court judgment. Under Alabama law, a defendant in municipal court may appeal the municipal court's judgment to "the [state] circuit court of the circuit in which the violation occurred for trial de novo." Ala. Code § 12-14-70(a) (1975). *See also* Ala. R. Cr. P. 30.1(a). Under the appropriate circumstances, an appeal also may be taken directly to the Alabama Court of Criminal Appeals (or, in a civil matter, the Alabama Court of Civil Appeals). Ala. R. Crim. P. 30.2. There is no indication that plaintiff has exercised her right to appeal her conviction in the Alabama state courts. Her failure to take advantage of a reasonable opportunity to appeal her conviction in state court renders the *Rooker-Feldman* doctrine applicable to her claims. *See Weiner*, 868 F.2d at 1555; *Wood*, 715

---

[24]*See Franklin v. Palughi*, No. CIV.A.01-0102-P-M, 2001 WL 530434, at * 4 (S.D. Ala. April 25, 2001) (citing *Powell*, 80 F.3d at 467) ("[T]he claim for bias against Judge Palughi for the decision in Plaintiff's state court case is inextricably intertwined with Plaintiff's state court case. If a ruling were made by this Court that Judge Palughi was biased in Plaintiff's state case, the ruling would have the effect of invalidating the state court decision.")

[25]*See Lindsey v. Storey*, 936 F.2d 554, 562 (11th Cir. 1991) (citations omitted) (stating that "warrantless arrest without probable cause violates the Constitution"); *Battle v. City of Florala*, 28 F. Supp. 2d 1331, 1336 (M.D. Ala. 1998) (citing *Lindsey*, 936 F.2d at 562) ("The state court convicted the Plaintiff of running a stop sign, eluding police, driving while suspended, reckless driving, and DUI. ... In order for the state court to so convict, it had to find that the officer had probable cause to make the arrest.").

F.2d at 1547.

Because plaintiff's constitutional claims are inextricably intertwined with the municipal court judgment against her, she should have raised those claims on appeal in the Alabama state court system, and, if necessary, to the United States Supreme Court. Because she failed to raise her claims on appeal in the Alabama state courts, the *Rooker-Feldman* doctrine bars her constitutional claims in federal district court.

C.  **The Court Declines to Exercise Jurisdiction Over Plaintiff's State Law Assault Claim**

Plaintiff's only remaining claim is her state law assault claim against Henderson, which arises from the circumstances surrounding her arrest. The assault claim is not inextricably intertwined with plaintiff's underlying conviction, because her success on that claim would not necessarily imply that the municipal court wrongly decided to enter judgment against her on the public intoxication charge. Thus, the assault claim is not barred by the *Rooker-Feldman* doctrine.

Nonetheless, the assault claim should be dismissed. This court's jurisdiction over that claim is governed by 28 U.S.C. § 1367(a), which provides that:

> in any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Even so, "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original

jurisdiction." 28 U.S.C. § 1367(c)(3). This court exercises its discretion and declines to exercise supplemental jurisdiction over plaintiff's remaining state law assault claim. Accordingly, the assault claim should be dismissed.

### III. CONCLUSION

All of plaintiff's constitutional claims are barred by the *Rooker-Feldman* doctrine, and should be dismissed with prejudice. The court declines to exercise jurisdiction over plaintiff's state law claim, and that claim should be dismissed without prejudice. An appropriate order will be entered contemporaneously herewith.[26]

DONE this 4th day of February, 2004.

_____
United States District Judge

---

[26]Because the court has concluded that it does not have jurisdiction to hear this case, it will not rule on plaintiff's motions to compel discovery, for leave to file a second amended complaint, for a jury hearing, and for an extension of time.